# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLEOTHER TIDWELL, #N41754,** *also known as* **CLEO TIDWELL,**  Plaintiff,  vs.  **R.M. HOPKINS**, *Judge*, and **LAWRENCE CIRCUIT CLERK**,  Defendants. | Civil No. 19-cv-00239-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Cleother Tidwell (a/k/a Cleo Tidwell), an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations. In his complaint, Tidwell claims the Lawrence County Circuit Court has denied him due process and abused its power by not acting on any of the petitions and/or letters he has sent to that court regarding conditions at Lawrence Correctional Center ("Lawrence"). (Doc. 1, p. 1). He originally filed this action in the United States District Court for the Eastern District of Tennessee. *See Tidwell v. Hopkins*, No. 3:18-MC-00066. Because venue was improper, the action was transferred to this federal judicial district pursuant to 28 U.S.C. § 1404(a) and 1406(a) on February 25, 2019. (Doc. 7). This matter is now before the Court for case management.

Tidwell is a restricted filer in this District, and this Court would not have allowed him to file the instant Complaint here. *See Tidwell v. Menard C.C.,* No. 16-cv-00384-SMY-RJD (Doc. 43). The subject filing ban, imposed on August 10, 2017, states as follows:

> Cleother Tidwell is **SANCTIONED** with a $500 fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

(Doc. 43, p. 7). Tidwell appealed the ban, *see Tidwell v. Clendenin,* App. No. 17-3020, but the appeal did not go far. The Seventh Circuit denied Tidwell's Motion for Leave to Appeal *in Forma Pauperis*, after finding that the appeal was taken in bad faith. (Doc. 17, Appellate Case). The appeal was later dismissed for failure to pay the filing fee. (Doc. 20, Appellate Case).

The filing ban remains in place.[1] Pursuant to it, the Clerk of Court will return unfiled any civil pleadings that Tidwell attempts to file in this District. Tidwell's decision to file his Complaint in the Eastern District of Tennessee represents an attempt to avoid the filing restriction here.

This is not the first time Tidwell has used the strategy. It is his ***sixth*** attempt to do so. On April 2, 2018, Tidwell filed a civil rights action in the Western District of Louisiana, bringing claims pertaining to his incarceration at Lawrence. *See Tidwell v. Kink*, No. 18-cv-00959-DRH. The case was transferred to this District and administratively closed on April 18, 2018. (Doc. 4). The presiding judge advised Tidwell that his continued attempts to avoid the filing ban might result in additional sanctions. (Doc. 4, p. 3).

Undeterred, Tidwell filed another suit related to the conditions of his confinement at Lawrence in the Northern District of New York, and that case was transferred to this District and closed on June 6, 2018. *See Tidwell v. John/Jane Does*, No. 18-cv-01181-NJR. He filed yet another suit regarding Lawrence in the Southern District of West Virginia, and that case was transferred

---

[1] Despite the filing ban that is currently in effect in this District, the Clerk of Court correctly opened this case because a judge in the transferor district signed an order transferring it to this District. *Hall v. Stone*, 170 F.3d 706, 708 (7th Cir.1999) ("Even an invalid judicial order must be obeyed until it is stayed or set aside on appeal.").

to this District and closed on September 7, 2018. *See Tidwell v. Kink*, No. 18-cv-01691-MJR.

In his fourth attempt to avoid the filing ban, he filed suit in the Northern District of Texas to address a medical claim that arose at Lawrence. *See Tidwell v. Cunningham*, No. 18-cv-01448-SMY. The suit was transferred to this District and dismissed on September 18, 2018. (Doc. 9). In the Dismissal Order, the Court extended the filing ban and imposed an additional $500 sanction "to be paid prior to any future civil filings." (Doc. 9, pp. 3-4) (citing *In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000); *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) (finding that courts have inherent authority to protect themselves from vexatious litigation and imposing a $500 fine and entering a filing ban pursuant to *Support Systems Intern., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)).

Tidwell wasted no time in filing his fifth suit (since the filing ban) in the Southern District of West Virginia and that case was transferred to this Court and closed on October 25, 2018. *See Tidwell v. Dunlap*, No. 18-cv-02008-NJR. The Court assessed an additional $500 sanction "to be paid before any other civil litigation will be filed." (Doc. 8, p. 3).

For his sixth attempt to avoid the filing ban in this Court, Tidwell filed this suit in the Eastern District of Tennessee on December 21, 2018. (Doc. 1). Like those before it, this case shall be administratively closed. To further deter Tidwell from similar misconduct, this Court will impose an *additional* $500 sanction. Tidwell stands **WARNED** that further attempts to avoid the filing ban now in effect in this District shall result in increasingly harsh sanctions that include, but are not limited to, monetary fines.

For these reasons, the Court **DIRECTS** the Clerk of Court to **ADMINISTRATIVELY CLOSE** this case. No filing fee shall be assessed.

**IT IS ORDERED** that Cleother Tidwell is **SANCTIONED** with an additional **$500** fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees and/or sanctions owed to this Court. Tidwell is **WARNED** that future efforts to evade the filing ban shall result in the imposition of additional monetary and/or other sanctions.

**IT IS SO ORDERED.**

DATED:  February 26, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**